The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: June 18 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 14-32160 |
| | ) | |
| Deirdre Rose Bussey, | ) | Chapter 7 |
| | ) | |
| **Debtor.** | ) | **JUDGE JOHN P. GUSTAFSON** |

### ORDER

This case is before the court on Debtor's Application for Waiver of the Chapter 7 Filing Fee ("Application") due to in forma pauperis ("IFP") status. [Doc. # 5]. The court has the discretion under 28 U.S.C. §1930(f)(1) to waive the filing fee for a Chapter 7 case where the debtor has income less than 150 percent of the income official poverty line applicable to the size of family involved.

In considering Debtor's Application, the Court must be cognizant of certain policy concerns. Bankruptcy filing fees, collected at the time of filing, are divided amongst the Judiciary, the U.S. Trustee System Fund, the general fund of the U.S. Treasury, and the private trustee assigned to a Chapter 7 case. They are a necessity for the effective and continued administration of the bankruptcy courts. Due to the reliance on filing fees to help self-fund the bankruptcy court, which in turn helps to alleviate or greatly reduce the need for taxpayer funding, "strong public policy considerations weigh in favor of requiring that debtors pay filing fees in all instances except when they clearly meet the statutory criteria for a waiver." *In re Henretty,* 456 B.R. 224, 227 (Bankr. W.D. Pa. 2011).

In filing fee waiver cases, the Debtor bears the burden of proving by a preponderance of the evidence

that his or her circumstances satisfy the requirements of the fee waiver provision. *In re Burr,* 344 B.R. 234, 236 (Bankr. W.D. N.Y. 2006); *In re Nuttall,* 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005). In other words, a Debtor must establish that his or her income is below 150% of the poverty line and that he or she is unable to pay the filing fee in installments. *In re Kauffman*, 354 B.R. 682, 685-86 (Bankr. D. Vt. 2006). *See also, Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.*

Here, Debtor's stated net monthly income is $2,712.56 and the identified family size is 2. For a family of this size, 150 percent of the income official poverty guideline is $1,966.25. Debtor's income, therefore, makes this case inappropriate for waiver of the case filing fee on the basis of in forma pauperis status, as the Debtor cannot establish that her income is below 150% of the poverty line.

Although Debtor states in her Application that she expects her family's average monthly net income to decrease by more than 10% during the next six (6) months, as she is scheduled to be laid off on June 20, 2014, her income at the time of filing the petition is above the official poverty guideline. As the *Lephew* court stated regarding a Debtor's income at the time of filing, "[a] Court is constrained to conclude that if bankruptcy debtors have at the time they file their petitions the means to pay the filing fee, they may not avoid the responsibility for doing so..." *In re Lephew*, 380 B.R. 171, 178 (Bankr. W.D. Va. 2007). The court went on to conclude that "to waive the filing fee for debtors who had, at the time of filing their Application, the clear ability to pay their filing fee...would constitute an abuse of the bankruptcy system." *Id.* at 179.

Moreover, looking at the Debtor's income at the time of filing for IFP purposes is consistent with application of the Means Test in Chapter 7 cases. *See, In re Kramer*, 495 B.R. 121 (Bankr. D. Mass. 2013). While there are some differences between the Chapter 7 Means Test calculation and the application for in forma pauperis status, it is the IFP application that operates under the more stringent standard. For example, social security income, which is excluded from the Means Test, is included in determining eligibility under the 150% of poverty level guidelines. Thus, following the same "snapshot" rule as the Chapter 7 Means Test, that income is viewed as of the date of filing rather than a more flexible timing rule, is appropriate.

Because Debtor did not meet the in forma pauperis eligibility rule for income at the time she filed her bankruptcy petition, her Application is denied.

The court will, however, allow the filing fee to be paid in installments, as set forth below. The fee will be owed even if the case is dismissed. Failure to pay the fee may result in dismissal, and the court will not enter a discharge unless and until the whole fee is paid even if the case is not dismissed.

**IT IS THEREFORE ORDERED** that Debtor's Application for Waiver of the Chapter 7 Filing Fee [Doc. # 5] is **DENIED.**  Debtor must pay the filing fee in installments, as follows:

$83.75 due by June 30, 2014

$83.75 due by July 28, 2014

$83.75 due by August 29, 2014

$83.75 due by September 29, 2014

###